**Hedgcock v. Latham-Stevens Co.**

*Allen Ertel,* for plaintiff.

*E. Eugene Yaw,* for defendants.

RAUP, J., May 5, 1975.—Before the court is the preliminary objection of defendant in the nature of a demurrer. Plaintiff alleges that he is entitled to recover under the medical payments provision of his insurance policy with defendant as a result of treatment for injuries sustained on August 23, 1973; plaintiff had been operating a motorcycle and was struck by a dump truck. Defendant contends that the policy is inapplicable to injuries sustained by an insured while operating a motorcycle.

The provision upon which plaintiff relies for coverage is as follows:

"Coverage C — Medical Payments.

"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accidents.

"(a) while occupying the owned automobile;

"(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission; or

"(c) through being struck by an automobile or by a trailer of any type;"

"(As used in this Section 'occupying' means 'in or upon or entering into or alighting from:')"

Both parties agree that subparagraphs (a) and (b) are inapplicable. Defendant argues that provision (c) applies only to pedestrians and not to, for example, operators of motorcycles.

It is axiomatic that provisions in an insurance policy are construed strictly against the insurance company: Hionis v. Northern Mutual Insurance Company, 230 Pa. Superior Ct. 511 (1974).

If it was intended that paragraph (c) be narrowly limited to situations in which the insured was a pedestrian, that meaning could have been very easily articulated in the policy. As it is, the language is broad enough to include the factual situation postulated in the complaint and, accordingly, the demurrer will be denied. Cf. Flynn v. Allstate Insurance Co., 50 D. & C. 2d 195 (Allegheny Co., 1970).

## ORDER

And now, May 5, 1975, defendant's preliminary objection is hereby denied. Defendant has 20 days from the date of this order in which to file an answer.